## HENDRICKS v. PHILLIPS.

The restrictions imposed on the authority of a master in the punishment of his slaves (C. C. 173. Stats. 7 June, 1806, 19 March, 1816,) are equally obligatory on an overseer, to whom the master may delegate the power of punishment contemplated by law and necessary to the public peace; but if he violates these restrictions by punishing the slaves with cruelty and unusual rigor, he will be answerable to his employer in damages.

APPEAL from the District Court of Catahoula, *Barry*, J. *Purvis*, for the plaintiff. *Phelps*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. This is an action for the plaintiff's salary, as overseer of the defendant's plantation at a certain rate per month. The defendant's answer admits the employment as alleged, but avers " that the plaintiff treated the slaves of defendant with such cruelty and inhumanity, that, instead of benefiting this respondent, he has been greatly damaged by the plaintiff." After specifying the acts of maltreatment and the nature of the damage sustained, he prays for judgment in reconvention.

The parties, before the institution of this suit, referred their difficulties to arbitration. The arbitrators, who took into consideration the claim for damages only, awarded to the defendant $350, as damages sustained by the defendant from the maltreatment of one of his slaves by the plaintiff, and also that the plaintiff should pay the bills of the physicians incurred for attendance upon the slave during her illness, caused by the maltreatment. This award was not, however, carried out. Numerous witnesses were examined; and their testimony, while it establishes that the plaintiff was an attentive overseer and made a good crop for his employer, is extremely unfavorable to him with regard to the cruel treatment of the negro. The details are of a most revolting character, and exhibit conduct on the part of the overseer utterly indefensible.

Our express legislation upon the subject of slaves is dictated by considerations of humanity, and restricts the authority of the master. The master "may correct and chastise him, though not with unusual rigor, nor so as to maim or mutilate him, or to expose him to the danger of loss of life, or to cause his death." Civil Code, 173. Other provisions to be found in our criminal laws are conceived in the same spirit, and comprehend in their terms not only the owner, but all other persons. See the Acts of 1806, p. 206; and of 1816, p. 148.

It may be conceded that the planter who employs an overseer, in the absence of orders to the contrary, delegates to him the power of punishment contemplated by law, and necessary for the preservation of discipline and the publice peace. But, certainly, the overseer is restricted by the same measure of power which the law has imposed upon the owner; and, if he trangresses it, he violates his duty, and is answerable to his employer in damages, and to public justice, which he has offended.

The verdict of the jury shows that they disapproved the conduct of the plaintiff towards the slave, for they made a deduction from his salary. But, however much we are disposed to defer to the verdicts of juries, we consider it our duty, under the evidence, to assess the damages sustained by the defendant at a higher rate. The sum allowed by the jury would not be more than a

compensation for the loss of the slave's labor during her illness. But we are of
opinion that the value of the slave was permanently impaired by the bodily
injuries inflicted .upon her. The ·testimony of several witnesses establishes
this fact. The expense of medical attendance must also be ·considered.

In ·conclusion, we have to remark that, ·we do not wish to be considered as
expressing an opinion that an overseer, ·who thus injures or destroys ·the pro-
perty of ·his employer, can sustain an action for his salary. We have considered
this case as it is presented ·by the defendant, ·who appears to have been willing
to allow the overseer ·his salary, upon receiving compensation for the damages
sustained. If, on a future occasion, ·the point should be ·presented, we shall
consider it as open.

It is, therefore, decreed that, the judgment of the .court below be reversed·;
and it is further decreed that, there be judgment in. favor of the defendant,
and that he recover from .the plaintiff the sum of $100, with costs in both
courts.